UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-2,<br><br>Plaintiff,<br><br>v.<br><br>EMAD Y. ABED; MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC., as nominee for Homecomings Financial, LLC (F/K/A Homecomings Financial Network, Inc.); LARIVE CONDOMINIUM ASSOCIATION; UNITED STATES OF AMERICA; JOHN DOE; and MARY ROE,<br><br>Defendants. | Case No. 16-CV-0958 (PJS/SER)<br><br><br><br>ORDER |

Jared D. Kemper and Kristina Kaluza, DYKEMA GOSSETT, PLLC; John P. Dockry and Kalli L. Ostlie, SHAPIRO & ZIELKE, LLP, for plaintiff.

Emad Y. Abed, pro se.

This matter is before the Court on defendant Emad Abed's objection to the December 19, 2016 Report and Recommendation ("R&R") of Magistrate Judge Steven E. Rau.[1]  Judge Rau recommends granting the motion of plaintiff Deutsche Bank National

---

[1] Abed's filing is styled as a "motion for reconsideration."  The Court treats it as an objection to the R&R.

Trust Company ("Deutsche Bank") to remand. The Court has conducted a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Abed's objection and grants Deutsche Bank's motion to remand.

There are several problems with Abed's attempt to remove this case to federal court:

First, Abed asserts that this Court has federal-question jurisdiction because Abed has alleged counterclaims arising under federal law. 28 U.S.C. § 1331. But a counterclaim cannot provide the basis for federal-question jurisdiction. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-32 (2002). Deutsche Bank's complaint against Abed does not assert any claim that arises under the Constitution or laws of the United States, and therefore this Court does not have federal-question jurisdiction over this case.

Second, in his notice of removal, Abed asserts that there is also diversity jurisdiction because he is a "resident" of Minnesota and Deutsche Bank is not. ECF No. 1 ¶¶ 8-9. This, however, is insufficient to establish diversity jurisdiction, as such jurisdiction depends on the citizenship of the parties, not their residence. *See Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) ("When it comes to diversity jurisdiction, the words 'resident' and 'citizen' are not interchangeable.").

Third, after Deutsche Bank moved to remand his lawsuit to state court, Abed filed an opposing memorandum in which he asserted that "he is a citizen of Minnesota." ECF No. 29 at 3. That might have taken care of the problem with Abed's notice of removal, but it created another problem. The forum-defendant rule provides that a civil action cannot be removed on the basis of diversity jurisdiction if any defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2). Abed is a citizen of Minnesota, and he was sued in Minnesota, and thus (as Judge Rau explained in the R&R), Abed may not remove this action to federal court on the basis of diversity jurisdiction.

Finally, in his objection to the R&R, Abed tries to evade the forum-defendant rule brought to his attention by Judge Rau by asserting that, even though he said in his notice of removal that "he is resident of the State of Minnesota and . . . his primary residence is 110 Bank St. Se. Suite 405 Minneapolis, Minnesota" [ECF No. 1 ¶ 8], and even though he told Judge Rau that "he is a citizen of Minnesota" [ECF No. 29 at 3], he is, in fact, "a citizen of Dubai, UAE," ECF No. 32 at 3. Abed did not raise this argument before Judge Rau, however, and thus he is precluded from relying on it now. "A party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge." *Hammann v. 1–800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006) (citing *Madol v. Dan Nelson Auto. Grp.*, 372 F.3d 997, 1000 (8th Cir.

2004)); *see also Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("The district court properly refused to consider Ridenour's argument that longer statute of limitations periods applied to his claims because this argument was not presented first to the magistrate judge.").

Setting that aside, as the party seeking to invoke this Court's jurisdiction, Abed bears the burden of establishing diversity of citizenship by a preponderance of the evidence. *See In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Abed has not met his burden, as his belated claim that he is *not* a citizen of Minnesota directly conflicts with his earlier claim that he *is* a citizen of Minnesota—and seems inconsistent with his earlier claim that he is a resident of Minnesota and that his primary residence is in Minneapolis. *See id.* ("All doubts about federal jurisdiction should be resolved in favor of remand to state court.").

For all of these reasons, Abed has failed to establish that this Court has jurisdiction over this case.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES defendant's objection [ECF No. 32] and ADOPTS the R&R [ECF No. 31]. IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for remand [ECF No. 8] is GRANTED.

2. This action is REMANDED to the Minnesota District Court, Fourth Judicial District.

Dated:  January 27, 2017                              s/Patrick J. Schiltz
                                                                                                              Patrick J. Schiltz
                                                                                                              United States District Judge