UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-2, | Case No. 16-CV-0958 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| EMAD Y. ABED; MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC., as nominee for Homecomings Financial, LLC (F/K/A Homecomings Financial Network, Inc.); LARIVE CONDOMINIUM ASSOCIATION; UNITED STATES OF AMERICA; JOHN DOE; and MARY ROE, | |
| Defendants. | |

---

Jared D. Kemper and Kristina Kaluza, DYKEMA GOSSETT, PLLC; John P. Dockry and Kalli L. Ostlie, SHAPIRO & ZIELKE, LLP, for plaintiff.

Emad Y. Abed, pro se.

Defendant Emad Abed removed this foreclosure action to federal court in April 2016.  Concluding that it lacks jurisdiction, the Court granted plaintiff's motion to remand on January 27, 2017.  ECF No. 35.

Abed now moves for an extension of time in which to file an appeal.  A district court may extend the time to file a notice of appeal if the litigant moves for an extension

no later than 30 days after his time to appeal has expired and he shows either good cause or excusable neglect.  Fed. R. App. P. 4(a)(5)(A).

Abed's motion is (barely) timely, but he has failed to show good cause.  Abed claims that, although he has received all other correspondence from the Court, he did not receive the Court's remand order.  ECF No. 38.  But Abed does not explain when or how he became aware of the Court's order; he simply asserts that he did not receive it in the mail.  ECF No. 38.  The notice on the docket indicates that the Clerk's Office mailed the remand order to Abed at the same address to which it has sent all other correspondence, ECF No. 35, and there is no indication that the order was returned or otherwise unable to be delivered.

Notably, Abed filed his motion to extend the time to appeal just under the deadline set by Fed. R. App. P. 4(a)(5)(A)(i).  Abed has a pattern of requesting last-minute, lengthy extensions.  ECF No. 19 (June 13 letter requesting a 60-day extension to respond to remand motion that was filed on May 12); ECF No. 21 (July 15 letter requesting an additional 45-day extension); ECF No. 23 (July 29 letter requesting 6-month extension on the basis of chronic health issues not mentioned in earlier letters).  Under the circumstances of this case, Abed's bare assertion that he did not receive the remand order, without more, is insufficient to overcome the presumption of delivery by mail.  *See Diaz v. Lynch*, 824 F.3d 758, 760 (8th Cir. 2016) (per curiam) (alien's affidavit

claiming that he did not receive notice of hearing was insufficient to overcome presumption of delivery where he admitted receiving a notice to appear sent to same address a week earlier).  The Court therefore denies Abed's motion to extend the time to file a notice of appeal.

Abed also seeks a stay pending appeal.  An order remanding a case to state court for lack of subject-matter jurisdiction is not reviewable on appeal, however.  28 U.S.C. § 1447(d); *Arnold Crossroads, L.L.C. v. Gander Mountain Co.*, 751 F.3d 935, 939 (8th Cir. 2014).  Setting that aside, Abed has not given the Court any reason to doubt its jurisdictional ruling.  As Abed has no chance of prevailing on appeal and is facing no threat of irreparable injury, his motion to stay is denied.  *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (per curiam) (in determining whether to grant a stay pending appeal, likelihood of success is the most important factor).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the motions of defendant Emad Abed to extend the time to file a notice of appeal and to reopen and stay remand [ECF Nos. 37, 43] are DENIED.

 Dated:  March 28, 2017                                  s/Patrick J. Schiltz
                                                         Patrick J. Schiltz
                                                         United States District Judge